**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**BARBARA LYNN JACKSON,**

        **Plaintiff,**              **CIVIL ACTION NO. 16-cv-13032**

        **v.**                            **DISTRICT JUDGE PAUL D. BORMAN**

**COMMISSIONER OF**             **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Barbara Lynn Jackson seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 13). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.**      **RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 11) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 13) be **GRANTED**.

## II.     PROCEDURAL HISTORY

Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income on August 16, 2013 and August 26, 2013, respectively, alleging that she has been disabled since January 1, 2013, due to major depression, bipolar disorder, a phobia, post-traumatic stress disorder (PTSD), schizophrenia, attention deficit hyperactivity disorder (ADHD), social phobia, conversion disorder, intermittent explosive disorder, and obesity.  (TR 64-65, 168-81, 220.)  The Social Security Administration denied Plaintiff's claims on January 27, 2014, and Plaintiff requested a *de novo* hearing.  (TR 64-95, 104-05, 107-08.)  On May 4, 2015, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Jan Leventer.  (TR 38-63.)  In a June 22, 2015 decision, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a limited range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) and was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy.  (TR 19-32.)  The Appeals Council declined to review the ALJ's decision (TR 1-6), and Plaintiff commenced this action for judicial review.  The parties then filed cross motions for summary judgment, which are currently before the Court.

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 11 at 9-18) and the ALJ (TR 25-30, 31) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony.  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record.  Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual

2

recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 1, 2013, and that Plaintiff suffered from the following severe impairments: hypertension, obesity, hyperlipidemia, fibroid uterus, bilateral knee disorder, increased lumbar lordosis, adjustment disorder, and borderline personality disorder. (TR 21-22.) The ALJ also found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 22-24.) The ALJ then found that Plaintiff had the following RFC:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except occasional climbing of ramps and stairs; no climbing of ladders, ropes, and scaffolds; no crawling; no work at unprotected heights; limited to simple, routine, and repetitive tasks but not at a production-rate pace (such as assembly line work); limited to simple, work-related decisions; frequent appropriate response to coworkers and the public; and, in dealing with changes in the work setting, is limited to simple, work-related decisions.

(TR 24-30.) Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 31.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from January 1, 2013, through the date of the decision. (TR 19, 32.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining

whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.    Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.    Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material

evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because (1) the ALJ failed to accord adequate weight to the opinion of Plaintiff's treating physician; (2) the ALJ failed to assess Plaintiff's mental RFC in accordance with Social Security Ruling (SSR) 96-8p and SSR 85-15; (3) the ALJ's assessment of Plaintiff's physical RFC is not supported by the record, and the record contains no physical RFC assessments completed by a physician; and (4) the ALJ violated SSR 96-8p by failing to include a function-by-function analysis in her decision. (Docket no. 11 at 6, 20-28.)

                            1.      *The ALJ's Assessment of Plaintiff's Treating Physician's Opinion*

Plaintiff argues that the ALJ erroneously failed to accord adequate weight to the opinion of her treating physician. (Docket no. 11 at 20-22.) It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of

6

several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)). An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting SSR 96-2p, 1996 WL 374188, at *5 (1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight. *See*

7

*Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

Here, Plaintiff specifically argues that the ALJ erred in assessing the April 8, 2015 opinion of her treating psychiatrist from Team Wellness Center because the ALJ failed to address the first two regulatory factors: (1) length of the treatment relationship and the frequency of examination; and (2) nature and extent of the treatment relationship. (Docket no. 11 at 21.) The ALJ summarized and assessed this opinion as follows:

> A mental Medical Source Statement was prepared on April 8, 2015, by an individual at Team Wellness Center (Team Mental Health), indicating that the claimant was markedly limited in remembering locations and work-like procedures, understanding and remembering detailed instructions, carrying out detailed instructions, maintaining attention and concentration for extended periods (2-hour segments), working in proximity to others without distraction, completing a normal workday and workweek without psychologically-based interruptions, interacting appropriately with the public and coworkers, interacting appropriately with supervisors, maintaining socially appropriate behavior, responding to changes in the work setting, and traveling in unfamiliar places or using public transportation (Exhibit 13F). The statement also indicates that the claimant would have a substantial loss of ability to understand, remember, and carry out simple instructions; make simple work-related decisions; respond appropriately to supervision and coworkers; and deal with changes in a routine work setting (Exhibit 13F/3). The undersigned gives little weight to this Medical Source Statement, as it is inconsistent with the evidence in the record, including the treatment records from Team Mental Health. As indicated above, the claimant has shown progress through mental health therapy and medication treatment at Team Mental Health, describing it as "very helpful," noting her mood was "significantly improved" on Lamictal, and that she was "doing great" by July 2014 (Exhibits 8F/11, 30 and 11F/74-76). In addition, the claimant testified to currently working as a caregiver on a part-time basis, which would conflict with many of the allegedly "marked" limitations included in this form (Exhibit 12D; testimony).

8

(TR 29.)

As an initial matter, although Defendant does not raise this issue, the undersigned notes that the signature of the health care professional on the Team Wellness Center Medical Source Statement is illegible and does not plainly indicate that the opinion was rendered by an acceptable medical source (i.e., a licensed physician or psychologist) so as to entitle it to complete deference under the treating physician rule. Assuming that it was indeed rendered by an acceptable medical source, the undersigned agrees with Plaintiff that the ALJ failed to explicitly discuss the first two regulatory factors in her assessment of the opinion.

Nevertheless, Plaintiff's argument in this regard fails for several reasons. First, as noted above, there is no *per se* rule that requires an articulation of each of the regulatory factors. *See Norris, supra*. Second, because the identity of the health care professional who rendered the opinion is not readily apparent, neither is the length, nature, or extent of Plaintiff's treatment relationship with that particular provider at Team Mental Health. It would therefore prove necessarily difficult for the ALJ to discuss the same. Third, the ALJ did substantively discuss the length, nature, and extent of Plaintiff's two-year treatment at Team Mental Health throughout her decision (*see* TR 27, 28), and she was therefore well aware of it when she assessed the Team Wellness Center/Team Mental Health opinion. Finally, the ALJ found the opinion to be inconsistent with the record evidence, and she supported that finding with specific citations to the purportedly inconsistent evidence and a sufficient explanation of why she found the opinion to be inconsistent with that evidence. (TR 29.) In light of the discussion above, any failure by the ALJ to discuss each of the requisite factors in assessing the April 8, 2015 Team Wellness Center/Team Mental Health opinion is harmless error, because the ALJ has met the goal of § 1527(c) by providing good reasons for assigning the opinion little weight, which reasons are

supported by the evidence in the case record, and are sufficiently specific to make clear to any subsequent reviewers the reasons for that weight. *See Nelson*, 195 F. App'x at 470; *Wilson*, 378 F.3d at 544 (quoting SSR 96-2p, 1996 WL 374188, at *5). Accordingly, Plaintiff's argument for reversal or remand on this basis should be rejected.[1]

### 2. *The ALJ's Assessment of Plaintiff's Mental RFC*

Plaintiff argues that the ALJ failed to assess her mental RFC in accordance with SSR 96-8p and SSR 85-15. (Docket no. 11 at 22-24.) SSR 96-8p requires that a claimant's nonexertional capacity, including his or her mental limitations, "be expressed in terms of work-related functions." SSR 96-8p, 1996 WL 374184, at *6 (July 2, 1996). SSR 96-8p further notes that "[w]ork-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." *Id.*; *see also* SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985).

Plaintiff asserts that SSR 96-8p requires an ALJ to "address Plaintiff's limitations in *all* work-related functions." (Docket no. 11 at 24 (emphasis in original).) Plaintiff argues that the ALJ therefore violated SSR 96-8p and committed reversible error because she failed to address Plaintiff's ability to respond appropriately to supervision, co-workers, and work situations. Plaintiff is incorrect. The ALJ did not fail to address Plaintiff's ability to respond appropriately

---

[1] In the final paragraph of Plaintiff's argument on this issue, she asserts that "the ALJ failed to comply with 20 C.F.R. § 404.1527 by not only according inadequate weight to the Plaintiff's treating physicians, but to even address much of the treating medical evidence at all." (Docket no. 11 at 22.) To the extent that Plaintiff intends this assertion to be a challenge to the ALJ's assessment of the evidence or an opinion from any of Plaintiff's other treating physicians, the undersigned declines to address it, as it is conclusory and undeveloped. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation and internal quotation marks omitted) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.")

to co-workers; actually, the ALJ specifically found that Plaintiff had the RFC to frequently respond to coworkers and the public in an appropriate manner. (TR 24.) And contrary to Plaintiff's argument, while SSR 96-8p implicitly requires an ALJ to *consider* all work-related limitations and functions in determining a claimant's nonexertional capacity, it does not require an ALJ to explicitly *address* Plaintiff's limitations with regard to every work-related function – especially if Plaintiff is not limited with regard to a particular function (i.e., her ability to respond appropriately to supervisors). *See* SSR 96-8p. In fact, in response to similar arguments advanced by Plaintiff's counsel in other cases, the Court has repeatedly held that an ALJ need not address every possible work-related function. *See*, *e.g.*, *Gilbert v. Comm'r of Soc. Sec.*, No. 15-CV-11325, 2016 WL 8114195, at *5 (E.D. Mich. Apr. 29, 2016); *Sumner v. Comm'r of Soc. Sec.*, No. 13-14303, 2014 WL 6809891 (E.D. Mich. Dec. 2, 2014). In so holding, the Court relied on Sixth Circuit precedent for the premise that "[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc Sec.*, 30 F. App'x 542, 547-48 (6th Cir. 2002) (quoting *Bencivengo v. Comm'r of Soc. Sec.*, No. 00-1995, 251 F.3d 153 (Table) (3d Cir. Dec. 19, 2000)).

Moreover, an ALJ is not required to include in a plaintiff's RFC those limitations that he does not find credible or supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, as discussed above, the ALJ found the Team Wellness Center opinion that Plaintiff had several marked mental limitations, including limitations in interacting appropriately with supervisors and responding to changes in the work setting, to be inconsistent with the record. (TR 29.) Conversely, the ALJ gave great weight to the opinions of the consultative examiner, David L. Hayter, Ph.D., and the state-agency psychological consultant, Kathy A. Morrow, Ph.D., who explicitly considered Plaintiff's social

limitations and did not find her to be limited in her ability to respond appropriately to supervision or work situations. (TR 27-28, 29, 72-73, 76-78, 347-54.) The ALJ then included in the RFC those limitations that she found credible: (1) simple, routine, repetitive tasks, not at a production-rate pace; (2) simple, work-related decisions; (3) frequent, appropriate response to coworkers and the public; and (4) simple, work-related decisions in dealing with changes in the work setting. (TR 24.) Notably, Plaintiff does not indicate what record evidence, if any, would have compelled the ALJ to assess limitations in responding appropriately to supervision and work situations to Plaintiff. Thus, the ALJ did not err in failing to specifically discuss those limitations that did not apply to Plaintiff, and Plaintiff's Motion should be denied with regard to this issue.

### 3. The ALJ's Assessment of Plaintiff's Physical RFC

Plaintiff argues that "there is no support for the physical RFC Assessment as the record is devoid of any physical RFC Assessment from a physician consistent with the ALJ's RFC determination." (Docket no. 11 at 25.) Plaintiff seemingly believes that the ALJ's RFC assessment must mirror the RFC assessment of an acceptable medical source in order for it to be supported by substantial evidence. Such a belief is contrary to the Social Security Act's rules and regulations as well as Sixth Circuit precedent.

The RFC assessment is the Commissioner's ultimate finding about the claimant's ability to perform work-related activities. Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5 (July 2, 1996). It is defined as the most, not the least, the claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ derives the RFC after considering the medical and other relevant evidence in the record. *Id.* "An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering

an RFC finding." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010). The ALJ may adopt an opinion of a medical or nonmedical source in whole or in part if he finds that it is supported by and not inconsistent with the other substantial evidence of record. But "[a]n ALJ has no obligation to conform his RFC finding to a physician's RFC assessment; as the Sixth Circuit has repeatedly noted, such a requirement 'would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.'" *Wagner v. Comm'r of Soc. Sec.*, No. 15-11553, 2016 WL 1729553, at *12 (E.D. Mich. Mar. 22, 2016), *report and recommendation adopted,* No. 15-11553, 2016 WL 1721049 (E.D. Mich. Apr. 29, 2016) (quoting *Rudd v. Comm'r of Soc. Sec.,* 531 F. Appx 719, 728 (6th Cir. 2013) (quoting SSR 96–5p, 1996 WL 374183 (July 2, 1996))). Essentially, at all times the ultimate responsibility for fashioning the RFC rests with the ALJ, who has an obligation to determine the RFC based on the evidence he finds credible. Plaintiff's argument therefore fails in this regard.

Plaintiff also argues that, "the ALJ merely made up the RFC outlined in her decision, especially considering she rejects all other physical RFCs in the file and there was no medical evidence to support the ALJ's RFC." (Docket no. 11 at 25-26.) Again, Plaintiff is incorrect. The ALJ did not fully reject any of the physical RFC assessments in the medical record. In fact, the ALJ adopted Plaintiff's treating physician's assessment of Plaintiff's capacity for lifting, carrying, pushing, and pulling. (TR 26-27.) The ALJ then assigned little weight to the remaining portions of the treating physician's RFC assessment because (1) it was not supported by the record evidence in certain respects; and (2) the ALJ found that Plaintiff's knee problems and obesity warranted limitations in Plaintiff's ability to sit, stand, and walk greater than those

13

assessed by the treating physician. (TR 27.) Likewise, the ALJ assigned limited weight to the physical RFC assessments of the consultative examiner and the state-agency medical consultant because they both found that Plaintiff was capable of light work activity. (TR 26, 27.) The ALJ explained that Plaintiff's bilateral knee abnormalities, obesity, and subjective complaints supported a more restrictive RFC of sedentary work. (TR 26, 27.)

"The fact that the ALJ imposed more restrictions when assessing [Plaintiff's] RFC than set forth in [the medical sources'] opinion[s] does nothing to discount the ALJ's decision." *Ross v. Comm'r of Soc. Sec.*, No. 14-11144, 2015 WL 1245830, at *11 (E.D. Mich. Mar. 18, 2015). Furthermore, the more restrictive RFC assessed by the ALJ shows that the ALJ gave Plaintiff's subjective complaints the benefit of the doubt, and it actually works to Plaintiff's benefit. In accordance with the regulations, the ALJ weighed the medical and non-medical evidence in conjunction with Plaintiff's subjective complaints and developed an RFC based on the evidence that she found to be credible. The ALJ's assessment of Plaintiff's physical RFC is supported by substantial evidence, and it should not be disturbed.

          4.     *The ALJ's Alleged Failure to Include a Function-by-Function Assessment*

Plaintiff asserts that the ALJ failed to conduct a proper function-by-function analysis of Plaintiff's physical impairments in the assessment of Plaintiff's RFC in violation of SSR 96-8p. (Docket no. 11 at 26-28.) Specifically, Plaintiff argues that the ALJ erroneously failed to discuss the physical examination findings in the medical evidence and how that evidence related to Plaintiff's ability to sit, stand, walk, lift, carry, push, and pull. (*Id*. at 27.) SSR 96-8p provides that "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities. SSR 96-8p, 1996 WL 374184, at *3. SSR 96-8p also provides that the ALJ must support the RFC by including a narrative

discussion describing how the evidence supports his conclusions and providing citations to specific medical facts and nonmedical evidence. *Id*. at *7.

Plaintiff relies on non-binding precedent from the Western District of New York to support her assertion that the ALJ erred by failing to specifically discuss Plaintiff's ability to perform each of the exertional requirements or work-related functions of sedentary work, i.e., sitting, standing, walking, lifting, etc. (Docket no. 11 at 26-27.) However, as Defendant points out (and as previously noted above), "Sixth Circuit precedent clearly establishes that '[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing.'" (Docket no. 13 at 12 (quoting *Johnson v. Comm'r of Soc. Sec.*, No. 14-cv-14713, 2015 WL 12670490, at *10 (E.D. Mich. Sept. 18, 2015) (quoting *Delgado*, 30 F. App'x at 547-48)).)

Moreover, the ALJ did indeed explicitly discuss Plaintiff's ability to perform exertional work-related functions in conjunction with the medical evidence. For example, the ALJ discussed the results of Plaintiff's November 16, 2013 physical consultative examination performed by Bina Shaw, M.D. (TR 25-26.) The ALJ then assessed Dr. Shaw's opinion regarding Plaintiff's ability to sit, stand, walk, bend, lift, and climb as follows:

> Dr. Shaw opined that the claimant could sit, stand, and walk for eight hours a day, bend and lift 20 pounds without difficulty, and climb 7-8 stairs without difficulty (Exhibit 4F/5). The undersigned gives little weight to Dr. Shaw's opinion, as it is inconsistent with the evidence in the record. Specifically, due to the claimant's obesity, which will be discussed in more detail below, combined with her bilateral knee abnormalities, she is incapable of work above the sedentary level of exertion.

(TR 26.) The ALJ also discussed the evidence related to Plaintiff's obesity and found that Plaintiff's obesity reduced her RFC to no crawling and no climbing of ladders, ropes, and

scaffolds. (TR 26.) Next, the ALJ discussed and assessed the opinion of Plaintiff's treating physician:

> A physical Medical Source Statement was prepared by Ana Capatina-Rata, M.D., on April 14, 2015, indicating that the claimant could occasional[ly] lift/carry or push/pull 10 pounds of weight, sit for 4 hours total or 1 hour at a time, stand for 4 hour[s] total or 30 minutes at a time, walk for 4 hours total or 30 minutes at a time, required a sit option, perform fine manipulation for 4 hours total or 30 minutes at one time bilaterally, and never bend or climb stairs and ladders (Exhibit 14F). Great weight is given to the weight restrictions from Dr. Capatina-Rata, as they are supported by the evidence in the record. Namely, the evidence of morbid obesity, bilateral knee issues, lordotic abnormality, and fibroids, supports limiting her to the sedentary level, consistent with the doctor's opinion. However, little weight is given to the rest of Dr. Capatina-Rata's opinion, as it is not supported by the evidence in the record. Specifically, the claimant should sit for up to 6 hours and stand/walk for only 2 hours due to her aforementioned knee issues and obesity. With respect to the length of sitting/standing/walking at one time, the claimant testified that she was only capable of sitting for 45 minutes; however, when asked about sitting for 6 of 8 hours with normal breaks, she began discussing her mental, sleep, and tumor issues and avoiding the sitting issue. . . . While there is support for no climbing of ladders due to her obesity, the avoidance of climbing stairs completely is not supported by evidence in the record, and occasional climbing of stairs is more appropriate.

(TR 26-27.) The portions of the ALJ's decision cited above directly contradict Plaintiff's argument that the ALJ erroneously failed to discuss the physical examination findings in the medical evidence and how that evidence related to Plaintiff's ability to sit, stand, walk, lift, carry, push, and pull. Thus, Plaintiff's argument in this regard necessarily fails.

## VI. CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 11) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 13).

## **REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 26, 2017             s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: July 26, 2017    s/ Lisa C. Bartlett  
                                          Case Manager