UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA LYNN JACKSON, | Case No. 16-13032 |
| Plaintiff, | Paul D. Borman<br>United States District Judge |
| v. | |
| COMMISSIONER OF<br>SOCIAL SECURITY, | Mona K. Majzoub<br>United States Magistrate Judge |
| Defendant.<br>_____/ | |

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S
JULY 26, 2017 REPORT AND RECOMMENDATION (ECF NO. 14),
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 15),
(3) DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 11),
(4) GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 13), AND
(5) AFFIRMING THE FINDINGS OF THE COMMISSIONER

On July 26, 2017, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation to Deny Plaintiff's Motion for Summary Judgment and Grant Defendant's Motion for Summary Judgment. (ECF No. 14, Report and Recommendation.) On August 9, 2017, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 15.) Defendant filed a Response to Plaintiff's Objections. (ECF No. 16.) Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to

1

which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment (ECF No. 13), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 11), and AFFIRMS the findings of the Commissioner.

## I. BACKGROUND

The Magistrate Judge examined the Plaintiff's and the ALJ's summaries of the Plaintiff's medical record and the hearing testimony and, finding no material inconsistencies among these recitations of the record, incorporated those summaries as the factual background. Neither party objected to this and the Court adopts that summary here. (Report and Recommendation 2-3.)

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A non-

specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.*

## III. ANALYSIS

### A. Objection Number One: The Magistrate Judge Erred in Failing to Address Certain Factors When Declining to Give Controlling Weight to an April 8, 2015 Medical Source Statement From Team Mental Health

The "treating source rule" is a "mandatory procedural protection" that requires an ALJ to give sufficient explanation for disregarding the opinion of a treating physician. *Sawdy v. Comm'r of Soc. Sec.*, 436 F. App'x 551, 555 (6th Cir. 2011). The social security regulations set forth a list of non-exhaustive factors to guide the ALJ in making the determination to give a treating source non-controlling weight. 20 C.F.R. § 404.1527(d)(2)(6). The ALJ need not necessarily address each of these factors. *See, e.g., Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 22 (6th Cir. 2010) (ALJ's decision to discount treating physician's opinion was adequately explained, even though the ALJ did not evaluate each of the six factors listed in § 404.1527(d), where ALJ "fully described his reasoning for discounting" the treating source opinion). Thus, the ALJ must "provide 'good reasons' for discounting the opinion . . . reasons sufficiently specific to make clear to any subsequent reviewers the weight . . . [given] to the . . . opinion and the reasons for that weight." *Sawdy*, 436 F. App'x at 553 (internal citations and quotation marks omitted) (alteration and second and third ellipses in original). If the ALJ has "met the goal" of providing the "procedural safeguards" of the six factor rule, the error is harmless. *See also Webb v. Comm'r of*

4

*Soc. Sec.*, No. 16-10015, 2017 WL 1164708, at *7 (E.D. Mich. March 29, 2017) ("[T]here is no *per se* rule that requires a written articulation of each of the six regulatory or "*Wilson* factors" listed in 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). *Tilley v. Comm'r of Soc. Sec.*, 394 Fed. Appx. 216, 222 (6th Cir. 2010). In other words, the regulations do not require "an exhaustive factor-by-factor analysis." *Francis v. Comm'r of Soc. Sec.*, 414 Fed. Appx. 802, 804-805 (6th Cir. 2011) (citing 20 C.F.R. § 404.1527(d)(2), now 20 C.F.R. § 404.1527(c)(2)).)

Here, the ALJ assigned little weight to the April 8, 2015 Medical Source Statement, a multi-page check box form, prepared by an individual at Team Wellness Center (Team Mental Health), indicating that Plaintiff was "markedly limited" in numerous areas. In declining to give this Statement controlling weight, the ALJ noted several inconsistencies between this Statement and the record evidence, including inconsistency with other recent Team Mental Health treatment records. The ALJ specifically noted: (1) internal inconsistency with other recent treatment records from Team Mental Health, including an assigned GAF score of 55 indicating only moderate symptoms just a few months earlier and other Team Mental Health treatment records indicating Plaintiff's self-reported improvement with therapy and prescribed medications; (2) inconsistency with Plaintiff's then-current part-time work as a caregiver, which tended to conflict with much of the "marked" limitations noted in the

5

April 8, 2015 Medical Source Statement; and (3) inconsistency with a November 16, 2013 thorough consultative mental status examination by David Hayter, PhD that assigned Plaintiff a GAF score of 65 and found her able to understand, retain and follow simple instructions, to which the ALJ gave great weight based upon a finding that it was consistent with Plaintiff's medical records from Team Mental Health. The ALJ thus based her decision to give the April 8, 2015 check-box Medical Source Statement little weight based on its inconsistency with other record evidence, including inconsistency with records of the same treating source.

The Magistrate Judge thus correctly concluded that any failure by the ALJ to discuss each of the requisite factors in assessing the April 8, 2015 Medical Source Statement was harmless given that the ALJ met the goal of providing good reasons for assigning the Statement little weight, which reasons are amply supported by the record evidence and are specific enough to give subsequent reviewers reasons for that weight. Even if the ALJ did not discuss each of the six factors individually, the ALJ discounted this Statement as internally inconsistent with other Team Mental Health records, inconsistent with other specified medical record evidence, and inconsistent with Plaintiff's own mental health improvement reports and Plaintiff's part-time work as a caregiver. "In other words, the ALJ discounted [the opinion] on the basis of the consistency factor. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4)." *Webb*, 2017 WL

1164708, at *8.  The ALJ's articulation of her reasons for discounting this Statement are "sufficiently specific to make clear to any subsequent reviewers the weight [she] gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004).

This April 8, 2015 check-box Statement, noting multiple "markedly limited" areas of functioning is so cursory and so "markedly" inconsistent with treatment records from the same source, Team Mental Health, in the preceding months, and with other medical records specifically identified by the ALJ in her Opinion, and with Plaintiff's self-reported improvements and part-time work, that the ALJ committed no error in assigning the Statement little weight.  The Magistrate Judge correctly rejected Plaintiff's request for remand or reversal on this issue and the Plaintiff's Objection is OVERRULED.

> **B.      Objection Number Two:  "The Magistrate erred in finding the ALJ's decision was supported by substantial evidence."**

This Objection consists of Plaintiff generally complaining that both the ALJ and the Magistrate Judge "misconstrued medical evidence and testimony." Beyond making this blanket statement, the Objection fails to cite any piece of evidence that the Magistrate Judge or the ALJ allegedly misconstrued.  The Objection lists select portions of the medical record evidence that Plaintiff suggests supports her claim of total disability but fails to point to any error in the Magistrate Judge's Report and

7

Recommendation that she asks this Court to correct. In fact, the Objection fails to cite the Report and Recommendation at all, and simply directs the Court generally to the arguments and errors outlined in Plaintiff's motion for summary judgment. (ECF No. 15, Pl.'s Objs. 7, PgID 673.)

"Such 'bare disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R&R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

Plaintiff's Second Objection is OVERRULED.

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED that:

1) Plaintiff's Objections (ECF No. 15) are OVERRULED;

2) Magistrate Judge Majzoub's August 9, 2017 Report and Recommendation (ECF No. 14) is ADOPTED;

3) Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED;

4) Defendant's Motion for Summary Judgment (ECF No. 13) is GRANTED; and

5) The Findings of the Commissioner are AFFIRMED.

IT IS SO ORDERED.

                                        s/Paul D. Borman  
                                        Paul D. Borman  
                                        United States District Judge

Dated: September 28, 2017

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 28, 2017.

                                        s/Deborah Tofil  
                                        Case Manager